IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **JERONE MIMS, on behalf of himself and all others similarly situated,**<br><br>      **Plaintiff,**<br> -against-<br><br>**WTR ENTERPRISES, INC.,**<br><br>      **Defendant.** | Case No. 3:17-cv-84-TCB<br><br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff JERONE MIMS, individually and on behalf of all others similarly situated, by his attorneys, Head Law Firm, LLC, Shavitz Law Group, P.A., Outten & Golden LLP, Werman Salas, P.C., Landskroner Grieco Merriman LLC, Foote, Mielke, Chavez & O'Neil, LLC, Myron M. Cherry & Associates, LLC, and Klafter Olsen & Lesser LLP, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff in his Assistant Manager or Assistant Store Manager position and other current and former Assistant Managers or Assistant Store Managers (collectively, "ASMs"), who worked more than 40

1

hours in any workweek at any Jimmy John's store owned by Defendant, as defined herein, in the United States between the period beginning three years preceding the filing date of this Complaint, and ending on the date of judgment in this matter, who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA.

## THE PARTIES

2. Plaintiff Jerone Mims ("Plaintiff") is a resident of Georgia.

3. According to its corporate filings with the Georgia Secretary of State, Defendant WTR Enterprises, Inc. ("Defendant") is a Georgia company whose principal place of business is located at 105 Horton Creek Tr., Brooks, GA, 30205, within this judicial district.

4. Defendant owns and operates Jimmy John's franchised locations under one or more franchise agreements with Jimmy John's Franchise, LLC.

5. Plaintiff worked for Defendant (and any other joint employer) as an ASM from approximately 2011 until his promotion in or about July 2014 in Columbus, Georgia, and upon information and belief received one or more paychecks within the period which he worked over 40 hours in a workweek as an ASM that did not contain overtime premiums.

6. Plaintiff is a covered employee under the FLSA.

7. Defendant (and any other joint employer) was Plaintiff's employer

under the FLSA.

## JURISDICTION & VENUE

8. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. According to a website purportedly for new employees of WTR Enterprises, Inc. (http://ellisoncpa.net/links-2.shtml), Defendant operates Jimmy John's franchised locations located at or in "Peachtree City, Newnan, Carrollton, Woodruff Rd., [and] Macon Rd" which includes locations within this judicial district.

10. According to corporate filings with the Georgia Secretary of State, Defendant's Registered Agent is Jennifer Ellison, CPA, located and headquartered within this judicial district.

11. Jennifer Ellison, CPA, located within this judicial district, operates a website purportedly for new employees of WTR Enterprises, Inc. (http://ellisoncpa.net/links-2.shtml) that includes an employee payroll portal ("JJ Payroll Portal"), and receives from new employees "request[s for] a new employee package to be e-mailed to you directly."

12. Venue is proper in the Northern District of Georgia because Defendant is headquartered within this judicial district, Defendant conducts

business in this district, certain of Defendant's employment and payroll records are maintained or managed within this judicial district, and a substantial part of the events giving rise to the claims occurred in this district.

13. Defendant is subject to personal jurisdiction in this district.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

14. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as ASMs at any time from the period beginning three years preceding the filing date of this Complaint, and ending on the date of entry of judgment in this case (the "Collective Action Period") (collectively, the "Collective Action Members").

15. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other ASMs.

16. There are many similarly-situated current and former ASMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

17. The similarly situated employees are known to Defendant, are readily-identifiable, and can be located through Defendant's records.

## STATEMENT OF FACTS

18. Defendant (and any other joint employer) employed Plaintiff and the Collective Action Members as ASMs.

19. Defendant (and any other joint employer) maintained control, oversight, and discretion over the operation of all of its restaurants, including its employment practices with respect to the ASMs.

20. Plaintiff's and the ASMs' work was performed in the normal course of Defendant's (and any other joint employer's) business and was integrated into it.

21. Consistent with the Defendant's (and any other joint employer's) policy, pattern and/or practice, Plaintiff and ASMs worked over 40 hours in one or more workweeks within the period beginning three years preceding the filing date of this Complaint, but ASMs (and upon information and belief, Plaintiff) did not receive overtime premiums on one or more regularly scheduled pay dates within the period beginning three years preceding the filing date of this Complaint for hours worked as Assistant Manager or Assistant Store Manager in excess of 40 in those workweeks.

22. All of the work that the ASMs performed was assigned by Defendant (and any other joint employer), and/or Defendant (and any other joint employer) was aware of all of the work that they have performed.

23. The work that ASMs performed as part of their primary duty required little skill and no capital investment.

24. The work that ASMs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

25. Regardless of the store at which they worked, ASMs' primary job duties included:

    a. preparing food;
    b. helping customers;
    c. bussing tables;
    d. cleaning the restaurant;
    e. checking to make sure that supplies were properly shelved; and
    f. checking inventory.

26. Regardless of the store at which they worked, ASMs' primary job duties did not include:

    a. hiring;
    b. firing;
    c. disciplining other employees;
    d. scheduling;
    e. supervising and delegating; or
    f. exercising meaningful independent judgment and discretion.

27. ASMs' primary duties were manual in nature. The performance of manual labor duties occupied the majority of their working hours.

28. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant (and any other joint employer) has classified all ASMs as exempt from coverage of the overtime provisions of the FLSA.

29. Upon information and belief, Defendant (and any other joint employer) did not perform a person-by-person analysis of the ASMs' job duties when making the decision to classify them (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA.

30. Defendant's (and any other joint employer's) unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's (and any other joint employer's) centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA. Defendant (and any other joint employer) knew that ASMs were not performing activities that complied with any FLSA exemption and, inasmuch as Defendant's close affiliation with substantial corporate entities make it aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff in his Assistant Manager or Assistant Store Manager

position and other ASMs as non-exempt employees.

31. Defendant (and any other joint employer) was aware or should have been aware, through its management-level employees, that Plaintiff in his Assistant Manager or Assistant Store Manager position and ASMs were primarily performing non-exempt duties. Defendant (and any other joint employer) knew or recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

32. Accordingly, Defendant's (and any other joint employer's) unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendant's (and any other joint employer's) centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

33. As part of its regular business practice, Defendant (and any other joint employer) has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to ASMs. This policy and pattern or practice includes but it is not limited to:

    a. willfully misclassifying Plaintiff and the Collective Action Members as exempt from the requirements of the FLSA;

b. willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week; and

c. willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt ASMs to perform such non-exempt tasks.

34. Defendant's (and any other joint employer's) willful violations of the FLSA are further demonstrated by the fact that during the course of the Collective Action Period and continuing to the present, Defendant (and any other joint employer) failed to maintain accurate and sufficient time records for Plaintiff and the Collective Action Members. Defendant (and any other joint employer) acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiff and the Collective Action Members to record all hours worked.

## FIRST CAUSE OF ACTION
**Fair Labor Standard Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff and the FLSA Collective**

35. At all relevant times, Defendant (and any other joint employer) has been, and continues to be, an employer engaged in interstate commerce and/or the

production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all relevant times, Defendant (and any other joint employer) employed Plaintiff, and employed or continues to employ each of the Collective Action Members, within the meaning of the FLSA.

37. Defendant (and any other joint employer) has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

38. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the attached consent filed contemporaneously herewith.

39. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant (and any other joint employer).

40. At all relevant times and continuing to the present time, Defendant (and any other joint employer) had a policy and practice of refusing to pay overtime compensation to its ASMs and similarly-situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

41. As a result of Defendant's (and any other joint employer's) willful failure to compensate its employees, including Plaintiff and the Collective Action

members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant (and any other joint employer) has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

42. As a result of Defendant's (and any other joint employer's) willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendant (and any other joint employer) has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

43. As a result of Defendant's (and any other joint employer's) policy and practice of minimizing labor costs by underfunding the labor budgets for its restaurants, Defendant (and any other joint employer) knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

44. Due to Defendant's (and any other joint employer's) failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action

Members, Defendant's (and any other joint employer's) actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Action Members was manual labor and included other non-exempt tasks, Defendant's (and any other joint employer's) failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, and Defendant's (and any other joint employer's) instituting a policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, Defendant (and any other joint employer) knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

45. As a result of Defendant's (and any other joint employer's) FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled (a) to recover from Defendant (and any other joint employer) unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages for Defendant's (and any other joint employer's) willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

46. Because Defendant's (and any other joint employer's) violations of the

FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## PRAYER FOR RELIEF

Therefore, Plaintiff seeks a judgment finding liability under the FLSA and entering the following relief on behalf of himself and all others similarly-situated:

A. Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay in a manner consistent with the methodology utilized in the jury verdict affirmed by the Eleventh Circuit in *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013);

C. Equitable tolling of the FLSA statute of limitations;

D. An award of liquidated damages as a result of Defendant's (and any other joint employer's) willful failure to pay for all hours worked in

excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

E. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

F. An award of all allowable interest;

G. An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiff; and

H. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 19, 2017

                                                 Respectfully submitted,

                                                 */s/ C. Andrew Head*
                                                 C. Andrew Head, GA Bar No. 341472
                                                 Donna L. Johnson, GA Bar No. 086989
                                                 Attorneys for Plaintiff
                                                 **HEAD LAW FIRM, LLC**
                                                 White Provision, Suite 305
                                                 1170 Howell Mill Road NW
                                                 Atlanta, GA 30318
                                                 T: (404) 924-4151
                                                 F: (404) 796-7338

E: ahead@headlawfirm.com
djohnson@headlawfirm.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (to seek *pro hac vice* admission)
Alan Quiles (to seek *pro hac vice* admission)
1515 S. Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

**OUTTEN & GOLDEN LLP**
Justin M. Swartz (to seek *pro hac vice* admission)
Michael N. Litrownik (to seek *pro hac vice* admission)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**WERMAN SALAS P.C.**
Douglas M. Werman (to seek *pro hac vice* admission)
77 West Washington Street
Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025

**LANDSKRONER GRIECO MERRIMAN LLC**
Drew Legando (to seek *pro hac vice* admission)
Jack Landskroner (to seek *pro hac vice* admission)

1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
Telephone: (216) 522-9000
Facsimile: (216) 522-9007

**FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC**
Kathleen Currie Chavez (to seek *pro hac vice* admission)
10 West State St., Suite #200
Geneva, IL 60134
Tel: (630) 232-7450

**MYRON M. CHERRY & ASSOCIATES, LLC**
Myron M. Cherry (to seek *pro hac vice* admission)
30 North LaSalle Street, Suite 2300
Chicago, IL 60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279

**KLAFTER OLSEN & LESSER LLP**
Seth R. Lesser (to seek *pro hac vice* admission)
Fran L. Rudich (to seek *pro hac vice* admission)
Jason Conway (to seek *pro hac vice* admission)
Christopher M. Timmel (to seek *pro hac vice* admission)
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220

*Attorneys for Plaintiff and the Putative Collective*